IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CIVIL ACTION |
| MICHAEL ANTHONY WAGNER, et al | : | |
| | : | No. 06-cv-01026 |
| | : | |

**MEMORANDUM OPINION AND ORDER**

**Golden, J.**                                                                                              **March 27, 2007**

      Appellants Paul and Dawn Trostle appeal the February 3, 2006 Speaking Order of the Bankruptcy Court granting Appellee's motion *in limine* and entering judgment in favor of appellee and against appellants. After carefully considering the parties' submissions on appeal, and oral argument, the Court affirms in part and reverses in part the Speaking Order of the Bankruptcy Court.

      Appellants' 14-year-old son Jeremiah was killed when Appellee Michael Wagner struck him with a car while traveling on a busy Whitehall Township road in 1997. As a suit over the accident was pending in the Court of Common Pleas of Lehigh County, Appellee filed for bankruptcy. Appellants filed an adversary action claiming that Appellee's debts were non-dischargeable under 11 U.S.C. § 523(a)(6), which forbids discharge of debts incurred through willful and malicious injury to another, and 11 U.S.C. § 523(a)(9), which forbids discharge of debts incurred through "death or personal injury caused by the debtor's operation of a motor vehicle...if such operation was unlawful because the debtor was intoxicated from using alcohol..." Following a trial, the Bankruptcy Court granted Appellee's motion *in limine* to strike the report and testimony of Appellant's expert Samuel Land, M.D., and held that the debts were dischargeable.

      The Court reverses in part and affirms in part the Bankruptcy Court's Speaking Order. The Court reverses the portion of the Speaking Order granting Appellee's motion *in limine* which

precluded the report and testimony of Dr. Land.  The Court also reverses the portion of the Speaking Order entering judgment in favor of Appellee and against Appellants and finding that the debt is dischargeable under 11 U.S.C. § 523(a)(9).  The remainder of the Speaking Order is affirmed, as are all of the factual findings of the Bankruptcy Court.  The Court remands the case to the Bankruptcy Court for consideration of Dr. Land's report and testimony in conjunction with the record and factual findings of the Bankruptcy Court.

**Facts and Issues on Appeal**

Appellee admitted to drinking alcohol before the fatal accident, but was not charged with driving under the influence.  His blood alcohol content (BAC) was measured as .04% when tested more than two hours after the accident.  Appellants intended to offer the report and testimony of Dr. Samuel Land, a pathologist, who opined that Appellee's blood alcohol content could be extrapolated to have been over .08% at the moment of the accident.  Under Pennsylvania law at the time of the accident, a driver whose BAC measured less than .05% was presumed to be unimpaired.  75 Pa. C.S.A. § 1547(d)(1).  No presumption attached to a BAC between .05% and .10%, but such a BAC reading could be introduced, along with other competent evidence, to prove intoxication.  *Id.* at § 1547(d)(2) (repealed).  Thus, if believed, Land's testimony would have cast doubt on Appellee's claim that he was not impaired.

The Bankruptcy Court did not consider Land's report, but did listen to evidence from witnesses to the accident and its aftermath.  The Bankruptcy Court concluded that the witnesses had credibly rebutted the suggestion that Appellee was operating his vehicle while impaired.  The parties raise a number of issues on appeal, including:

1.  Whether Appellants' appeal should be dismissed because their brief did not comply with Federal Rule of Bankruptcy Procedure 8010?

2.  Whether Appellants must establish a causal connection between driving while intoxicated and the accident for the section 523(a)(9) exception to apply?

3.  Whether the Bankruptcy Court abused its discretion in granting Appellee's motion *in limine* to strike the testimony of Appellants' expert Samuel Land?

4.  Whether the Bankruptcy Court erred in stating that Appellants' other evidence of intoxication, besides Land's report, was irrelevant?

5.  Whether the Bankruptcy Court erred in determining that Appellants had failed to satisfy their burden of proving that Appellee's operation of his vehicle at the time of the accident was unlawful because he was intoxicated, without Land's report and testimony?  Appellants argue that this conclusion is against the weight of the evidence.

6.  Whether the Bankruptcy Court erred in determining that the Appellants failed to meet their burden of proving Appellee's debts were incurred as a result of a willful and malicious injury under section 523(a)(6)?

The Court concludes that the Bankruptcy Court abused its discretion in granting the motion *in limine* to strike the report and testimony of Samuel Land.  The Court holds that the law does not require Appellants to establish a causal link between driving while intoxicated and the accident for the section 523(a)(9) exception to apply.  As to all other issues raised on appeal, the Court affirms the holding of the Bankruptcy Court.  The case is remanded to the Bankruptcy Court for review consistent with this opinion.

**Jurisdiction and Standard of Review**

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158 (a). A district court may not set aside the factual findings of the Bankruptcy Court unless they are clearly erroneous. *In re: TWA*, 145 F.3d 124, 131 (3d Cir. 1998). The review of a Bankruptcy Court's factual findings is highly deferential. *Kool, Mann, Coffee and Co. v. Coffey*, 300 F.3d 340, 353 (3d Cir. 2002) ("It is the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data.") The Bankruptcy Court's conclusions of law are subject to *de novo* review. *In re: TWA*, 145 F.3d at 131. The Court reviews the decision to exclude an expert report for abuse of discretion, which occurs when a ruling was founded on an error of law, a clearly erroneous view of the facts, or a misapplication of law to the facts. *Marco v. Accent Pub. Co.,* 969 F.2d 1547, 1548 (3d Cir. 1992); *Reinert v. Larkin*, 211 F. Supp. 2d 589, 607 (E.D. Pa. 2002). Moreover, the Court may consider legal issues presented by the record, even if those issues were not decided by the Bankruptcy Court, when they are inextricably intertwined with other issues on appeal. *In re: Watts*, 876 F.2d 1090, 1095 n.8 (3d Cir. 1989).

**Bankruptcy Rule of Procedure 8010**

The Federal Rules of Bankruptcy Procedure require that briefs not exceed fifty pages and contain a statement of the case, a statement of the basis of appellate jurisdiction, a table of contents and authorities, an argument, and a short conclusion. Fed. R. Bankr. P. 8010. Appellants' original brief exceeded the page limit of Rule 8010 and contained other flaws. For these reasons, Appellee urges the Court to dismiss the appeal. *In re: Gulf Woods Corp.*, 189 B.R. 320, 323 (E.D. Pa. 1995).

Nonetheless, because Appellants quickly submitted an amended brief that complies with the Rule, the Court will not dismiss the appeal.

**The Exclusion of the Testimony of Samuel Land, M.D.**

Appellants' expert Samuel Land, a forensic pathologist, based his opinion on the report of George Jackson, Ph.D., a forensic toxicologist who had been retained by the District Attorney's office to opine in the criminal investigation of the accident and resulting case. Jackson prepared his report by reviewing documents and records related to the accident, including lab and toxicology results, as well as police incident reports. (Jackson Report p. 427A-428A).

Jackson did not claim in his report that he was present at the accident, and his report was explicitly based on certain assumptions. For example, he notes that, in preparing his report, he assumed that Appellee had no food in his stomach. (*Id.* at p. 429A ¶ i). Jackson prepared calculations and an extrapolation of Appellee's BAC at the time of the accident based on the written information provided, including Appellee's height and weight, and his stated assumptions. (*Id.* at p. 428A ¶ a). Jackson concluded that Appellee's extrapolated BAC at the time of the accident was .08%. (*Id.* at p. 429A ¶ f).

In preparing his report, Land reviewed Jackson's opinion and the attached background materials. (Land Dep. p. 13). He also reviewed a blood alcohol and toxicological report on Appellee, police reports, and witness depositions. (*Id.* at p. 12, 13, 21). He testified at deposition that such materials are the type of materials upon which an expert in his field would rely in reaching a conclusion regarding the toxicological consequences of alcohol consumption. (*Id.* at p. 13). Considering the metabolic rate of the average male, the expired time between the drawing of Appellee's blood and the accident, and Appellee's reported BAC, Land calculated that Appellee's

BAC was likely between .08% and .086% at the time of the accident.  (*Id.* at p. 23-27).  Land was deposed by Appellee's counsel.

The Bankruptcy Court excluded Land's testimony because "Dr. Land...offers no independent factual basis to support his conclusion, but instead relies upon and repeats the opinions of Dr. Jackson."  Op. at 2 n.1.  The Bankruptcy Court noted that Jackson was unavailable to be cross-examined at trial.  *Id.*  The Bankruptcy Court also found it significant that Land was unable to testify about facts relating to the accident, including when Appellee had his first and last alcoholic drink, what kind of drink he had, whether he had consumed the entire drink, and whether he had eaten before the accident.  *Id.*

The Federal Rules of Evidence do not permit experts to simply "parrot" the ideas of other experts or individuals.  *See, e.g., Loeffel Steel Prod.s v. Delta Brands*, 387 F. Supp. 2d 794, 824 (N.D. IL 2005) (expert testimony that simply repeated the assertions of non-expert company employees was inadmissable).  Having reviewed both reports, the Court concludes that Land has done more than parrot Jackson.  As Appellants point out, Land discussed his methodology at some length, recalculated the extrapolation put forward by Jackson, and actually disagreed with Jackson in some results.  (Land Dep. p. 22-28).  In addition to using Jackson's report, Land examined police reports and witness statements to determine whether Appellee was intoxicated.  (*Id.* at 11).  In his deposition, Land states specifically that these materials are the kind that are reasonably relied upon by experts in his field.  (*Id.* at p. 13).

Moreover, experts are permitted to rely on materials used by other experts in developing their own opinions.  *See United States v. Posey,* 647 F.2d 1048, 1051 (10th Cir. 1981) (in a drug prosecution, it was permissible for one chemist to rely on tests run by another in testifying that a

substance was cocaine: "It is quite reasonable for a chemist to review another chemist's analysis when forming an opinion as to the veracity of the latter's test results.")  The Advisory Committee notes to Federal Rule of Evidence 703 specifically approve of medical experts' practice of gathering data and anecdotes from other doctors and nurses in developing their opinions.  In a manner similar to a doctor making a diagnosis, Land used a mix of objective data and subjective analysis from another expert to opine about Appellee's physical status at the time of the accident, and to create an admissible report.

      The list of specific facts about the accident with which Land is allegedly unfamiliar–such as the time of Appellee's last drink, or the contents of his last meal before his accident–would go to the weight accorded to Land's report and testimony, rather than its admissibility.  It is unclear that Jackson, the initial expert, was aware of those facts, either; for example, Jackson based his report on the assumption that Appellee had no food in his stomach.  (Jackson Report at 429A ¶ i).  Thus, the Bankruptcy Court's doubts about the quality of Land's testimony do not relate to the evidentiary rule about experts who "parrot."  As a result, the Bankruptcy Court abused its discretion in excluding Dr. Land's report.

**Causation under § 523(a)(9)**

      Appellee argues that Appellants' claim fails not only because they did not prove intoxication, but also because they did not establish a causal link between the alleged intoxication and the accident, which Appellee maintains is required under section 523(a)(9).  The statute provides that debt is non-dischargeable if it was "caused by the debtor's operation of a motor vehicle...if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance."  Because the question of whether creditors must prove causation is inextricably

intertwined with the question of whether the Appellants have met their burden of proof, and because both parties address the issue of causation in their briefs, the Court has considered the issue although the Bankruptcy Court did not render a decision on it.  Op. at 4 n.3.  The Court finds that the law does not require the Appellants to prove that Appellee's intoxication was the cause of the accident.

Appellee points to case law in which courts have found a debt discharged, even when the debtor was driving while impaired, because the creditor failed to prove that the intoxication caused the accident.  Those cases, however, are easily distinguished from this one.  In *In re: Mutschler*, 1994 Bankr. LEXIS 1294, at *13 (Bankr. W.D. Pa. Aug, 26, 1994), the plaintiff failed to include in the record any evidence to suggest that the intoxication of the debtor caused the fatal accident.  There was simply no discussion of vehicle speed, road conditions, or the impact of the crash on the victim and vehicles, beyond the simple assertion that a collision had occurred and a driver was impaired.  *Id.*  In *In re: Christiansen*, 80 B.R. 481, 483 (W.D. Mo. 1987)*,* the court noted that both the debtor and the creditor were intoxicated at the time of the accident, creating an issue regarding whose intoxication caused the collision.  In this case, in contrast, the record contains significant detail about driving conditions and the impact of the accident.  Moreover, there is no question that Appellant's decedent was sober at the time of the accident.

In addition, this Court is persuaded by the reasoning of the court in *General Casualty Company of Wisconsin v. Keating*, 80 B.R. 115, 118 (Bankr. E.D. Wis. 1987).  The *General Casualty* court noted that Congress enacted section 523(a)(9) to create an objective standard for non-dischargeability cases–if a driver is impaired, the debt is non-dischargeable.  *Id.*  Moreover, the court held that the debtor's preferred reading of the statute was grammatically incorrect.  At the time, the

non-dischargeability provision applied "wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated." As the court stated,

> '"[Debtor] argues that it should be construed to provide that the liability must arise as a result of intoxication; however, the statute states that the cause of the defendant's liability is "as a result of the debtor's operation of a motor vehicle." The phrase "while legally intoxicated" modifies the word "operation," denoting only a condition in existence at the time of operation. If the condition exists at that moment, inquiry need go no further." *Id.*

This logic and application of grammatical rules still applies today. Accepting this reading of the statute and unpersuaded by the authority provided by the Appellee, the Court holds that Appellants need not prove that Appellee's intoxication was the cause of the accident for section 523 (a)(9) to apply.

**Other Evidence of Intoxication and the Appellants' Burden of Proof**

Appellants argue that the Bankruptcy Court erred in deeming their other proffered evidence of Appellee's intoxication "irrelevant." The Bankruptcy Court found Appellants' evidence was unconvincing for two reasons: first, because it was irrelevant in light of the lack of a criminal charge against Appellee; and second, because Appellee had offered "credible rebuttal evidence to establish that he was not intoxicated at the time of the accident." Op. at p. 4-5 n.3. The Bankruptcy Court clearly evaluated Appellants' other evidence of intoxication, but did not credit it more than the rebuttal evidence of sobriety. Because the Bankruptcy Court weighed Appellants' other evidence of intoxication, this Court need not reach the question of whether the evidence was also "irrelevant."

Appellants also argue that they met their burden of proving by a preponderance of the evidence that Appellee was intoxicated, even absent the report and testimony of Dr. Land. Their evidence suggested, for example, that following the accident Appellee failed some roadside sobriety

9

tests, walked and acted strangely, drank copious amounts of fluids, and spoke in a "mush-mouthed" manner.  (Appellants' Br. at 32-33).  The Bankruptcy Court considered this evidence.  The Bankruptcy Court was persuaded, however, by other evidence from police officers at the scene who reported that the Appellee performed some sobriety tests correctly, that his speech was not slurred, and that he walked normally.  Op. at p. 5 n.3.  Moreover, the Bankruptcy Court concluded that the shock of the accident, as well as the profusion of shattered glass in the Appellee's hair, mouth, eyes, and on his feet, accounted for irregularities in Appellee's behavior.  *Id.*  Because there is evidentiary support for the Bankruptcy Court's conclusion that the Appellants did not meet their burden of proof without Land's report and testimony, this Court affirms the Bankruptcy Court's holding.

**The § 523(a)(6) exception to non-dischargeability**

The Court affirms the Bankruptcy Court's conclusion that Appellants did not meet their burden of proving Appellee's actions willful and malicious under section 523(a)(6).  The Supreme Court has stated clearly that reckless or negligent acts will not produce liability under section 523(a)(6).  *Kawaauhua v. Geiger,* 523 U.S. 57, 63 (1998).  The Bankruptcy Court determined that Appellee acted in a manner "at most, negligent or reckless," op. at 5 n.4, and this Court will not disrupt this factual finding because it is not clearly erroneous.

Appellants argue that in determining whether Appellee acted in a willful and malicious manner, the Bankruptcy Court should have focused on whether Appellee intended to commit the act which caused the injury, rather than whether he intended to cause the injury itself.  The Supreme Court has rejected this approach.  *Id.* at 61 ("The word 'willful' in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.")  Moreover, as Appellee rightly points out, Appellants' reading of

10

the statute would render section 523(a)(9) superfluous–if driving under the influence could be considered willful and malicious under average circumstances, Congress would have had no need to add a specific provision to the Bankruptcy Code to address dischargeability and drunken driving. *Id.* at 62. Thus, this Court affirms the Bankruptcy Court's ruling that the debt is dischargeable under section 523(a)(6).

In sum, the Court affirms all of the Bankruptcy Court's factual findings. The Court also affirms all of the Bankruptcy Court's conclusions of law, with the exception of the decision to exclude the expert report of Samuel Land, and to enter judgment for Appellee and against Appellants and finding that the debt is dischargeable under 11 U.S.C. § 523(a)(9). The Court will remand this matter to the Bankruptcy Court solely for the consideration of the report and testimony of Samuel Land in conjunction with the record and the previous factual findings of the Bankruptcy Court.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CIVIL ACTION |
| MICHAEL ANTHONY WAGNER, et al | : | |
| | : | No. 06-cv-01026 |
| | : | |

**ORDER**

AND NOW, this 27th day of March, 2007, after review of all the briefs in this bankruptcy appeal, and oral argument, it is hereby ORDERED that the Speaking Order of the Bankruptcy Court dated February 3, 2006 is REVERSED in part and AFFIRMED in part as follows:

1. The portion of the Speaking Order granting the Appellee's *Motion in Limine* which precluded the report and testimony of Dr. Samuel Land is REVERSED.

2. The portion of the Speaking Order entering judgment in favor of Appellee and against Appellants and finding that the debt is dischargeable under 11 U.S.C. § 523(a)(9) is REVERSED.

3. The remainder of the Speaking Order is AFFIRMED as are all of the factual findings of the Bankruptcy Court.

The Court REMANDS the case to the Bankruptcy Court for the sole purpose of considering Dr. Land's report and testimony in conjunction with the record and factual findings of the Bankruptcy Court.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.